## CORCORAN v. KELLY.

### (Supreme Court, Appellate Term.  December 24, 1908.)

1. ANIMALS (§ 70*) — PERSONAL INJURIES—KNOWLEDGE OF VICIOUS PROPENSI-
TIES—"RUN AT LARGE."

Allowing a vicious horse to eat in the street unattended and unhitched
while attached to a wagon was not a negligent permitting of the animal
to run at large such as would render the owner liable for damages caused
by it; and, to entitle a passerby to recover for a bite of the horse, the
owner's previous knowledge of its vicious propensity must be shown.

[Ed. Note.—For other cases, see Animals, Cent. Dig. § 228; Dec. Dig. §
70.*

For other definitions, see Words and Phrases, vol. 1, pp. 604–607.]

2. MUNICIPAL CORPORATIONS (§ 705*) — USE OF STREET—LIABILITY FOR INJURY
—PROXIMATE CAUSE—BITE BY HORSE.

If a vicious horse was negligently left standing in the street and bit a
passerby, the vicious propensity of the horse, and not the leaving of the
horse unattended, was the proximate cause of the injury.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. §
705.*]

3. ANIMALS (§ 74*) — PERSONAL INJURIES — ACTIONS—KNOWLEDGE OF VICIOUS
PROPENSITIES—EVIDENCE.

In an action for the bite of a horse, evidence *held* not to show the own-
er's previous knowledge of its vicious propensity.

[Ed. Note.—For other cases, see Animals, Cent. Dig. § 268; Dec. Dig. §
74.*]

Appeal from Municipal Court, Borough of Manhattan, Third Dis-
trict.

Action by James Corcoran by John Corcoran, his guardian ad litem,
against Thomas Kelly.  Judgment for plaintiff, and defendant appeals.
Reversed, and new trial ordered.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

William A. Jones, Jr., for appellant.
Samuel Deutsch, for respondent.

FORD, J.  The plaintiff, a child of 11 years, was passing a two-
horse team and wagon standing near the curb.  The horses were un-
hitched. · One of them bit the plaintiff as he was passing by.  It was
about 1 o'clock, and the horses were eating oats from the ground.
Plaintiff recovered judgment, and the defendant appeals.

The theory of the trial justice seems to have been that proof of scien-
ter was unnecessary because the horse was unhitched, and that fact
brought the case within the rule that one who negligently permits an
animal to be at large is held liable for damages caused by it.  I think
this view is erroneous.  There is a wide difference between a horse
permitted to roam at large and a work horse hitched to a wagon stand-
ing on the street eating oats.  Negligence cannot be predicated on
the mere leaving of a horse unattended for the time being in the street
while it partakes of its midday meal.  In any event, the so leaving of
the horse was not the proximate cause of the accident.  The vicious
propensity of the horse was.  But, to recover for the bite or kick of

a vicious animal, knowledge of its vicious nature must be proved. No such proof was offered unless we take as such proof the fact that after the occurrence a muzzle was placed upon the horse. But that might indicate extra precaution, instead of previous knowledge of the biting propensity of the animal. It seems to me clearly to be a case where a scienter must be shown.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

HENDRICK, J., concurs.

GIEGERICH, J. (concurring). I concur in the conclusion reached by Mr. Justice FORD that the defendant was not negligent in permitting the horse to be unattended in the street under the circumstances stated in his opinion. The question thus arises whether or not there was any evidence to sustain a finding of the jury that the defendant had knowledge of the vicious character of the horse. The only testimony upon this point was to the effect that almost immediately after the defendant's horse bit the plaintiff one of the defendant's servants brought a muzzle out of the defendant's store in front of which the accident occurred and placed it upon the horse. The significance of this circumstance as indicating previous knowledge of the biting propensity of the animal would depend upon other facts which are not in evidence in this record, such, for example, as whether this muzzle was kept for this particular horse and had been used upon it before and whether it is a fact that muzzles are sometimes placed upon horses of good habits merely as an extra precaution, as is suggested in the main opinion, or whether they are used only on horses that bite. Further light upon these points can be had upon a new trial.

For the reasons stated, I concur with the conclusion reached by Mr. Justice FORD and vote for a reversal.